Containing Cases of the April and October Terms, 1926.

## THOMAS MACKENZIE ET AL. *v.* JOHN G. SCHORR.

*Contract for Benefit of Another—Right of Suit—Loan to Corporation—Compliance with Agreement.*

A simple contract by one person with another for the benefit of a third person, if made upon a sufficient and adequate consideration, may be enforced by such third person, and an action maintained by him for its breach.          p. 8

Where a contract was made by the four stockholders of a corporation with another person, by which, in consideration of their arranging for such person's purchase of the stock of one of them, and his election as treasurer and secretary, he was to loan a sum of money to the corporation, *held* that the contract was for the benefit of the corporation, so that the corporation or its receivers could sue thereon, and it was immaterial that the corporation would have been benefited to a degree sufficient to inure to individual stockholders.          pp. 8, 9

The fact that the corporation actually elected such person a director and officer was an indication that the contract was made and intended to be for the benefit of the corporation, as was the fact that such person thereafter made a payment under the contract to the corporation.          p. 9

The rule enabling a third person to sue upon a contract made for his benefit does not rest upon any actual or supposed relationship between the parties, nor upon the reason that, by entering into such an agreement, the promisor has impliedly made himself such person's agent, but upon the basis that the law, operating on the act of the parties, creates the duty, establishes the privity, and implies the promise and obligation.          p. 9

A contract to advance a sum of money, not to exceed in the aggregate the sum of five thousand dollars, is complied with by the advance of five hundred dollars.          pp. 10, 11

*Decided June 9th, 1926.*

Appeal from the Superior Court of Baltimore City (ULMAN, J.).

Action by Thomas Mackenzie and J. Wallace Bryan, Receivers for the Satin Candy Company, Incorporated, against John G. Schorr. From a judgment for defendant, plaintiffs appeal. Affirmed.

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Thomas Mackenzie* and *James Steele,* with whom was *J. Wallace Bryan* on the brief, for the appellants.

*Joseph T. Molz* and *William H. Lawrence,* for the appellee.

DIGGES, J., delivered the opinion of the Court.

On November 7th, 1924, Thomas Mackenzie and J. Wallace Bryan were by the Circuit Court of Baltimore City duly appointed receivers for the Satin Candy Company, Incorporated, an insolvent corporation. By leave of the Circuit Court of Baltimore City these receivers instituted suit in the Superior Court of Baltimore City against the defendant (appellee here), John G. Schorr, on the 8th day of December, 1925, by filing therein the following declaration:

> "Thomas Mackenzie and J. Wallace Bryan, receivers, by authority of the Circuit Court of Baltimore City, first had and obtained by Thomas Mackenzie, J. Wallace Bryan and James Steele, their attorneys, sue John G. Schorr.
>
> "For that the Satin Candy Company, Incorporated, a corporation of the State of Maryland, heretofore

doing business in the City of Baltimore, was in financial straits and in need of ready money to conduct its said business, all of which was well known to the defendant, who was familiar with its financial condition.

"That in order to acquire for himself a one-fourth capital stock interest in said corporation, he on or about the 8th day of November, 1923, agreed with Clarence R. Bye, Augustus Werner, W. W. Waltemeyer and George W. Johnson, who were all of the stockholders of the said Satin Candy Company, Incorporated, that upon their arranging for him to acquire the one-fourth interest in the capital stock of the said Satin Candy Company, Incorporated, which was owned by one Augustus Werner, that he would pay the sum of one thousand two hundred and fifty dollars for said shares of capital stock, and upon his election to the board of directors and to the office of treasurer and secretary of the said Satin Candy Company, Incorporated, in the place of the said Augustus Werner, he would furnish the said Satin Candy Company when so elected, a sum of money in such instalments as might be agreed upon, and as might be convenient for him, not to exceed in the aggregate the sum of five thousand dollars, all of which, however, should be paid to the said Satin Candy Company, Incorporated, within thirty days from his election as aforesaid, the said John G. Schorr to accept the promissory note or notes of the Satin Candy Company, Incorporated, for said advances payable within twelve months from their respective dates, with interest at the rate of six per cent., the same to be endorsed by the said Clarence R. Bye, W. W. Waltemeyer and George W. Johnson. All of said money was to be applied to the liquidation of the then indebtedness of the Satin Candy Company, as directed by its board of directors, excepting as to the claim of Steuart & Company, which was to be protected by the said Satin Candy Company.

"That in consideration of said advances and to further secure the said John G. Schorr against loss, the said Clarence R. Bye agreed to convey to the said John

G. Schorr the equity of redemption in a certain fee simple residence property known as No. 4002 Main Street, Baltimore, Maryland, owned by him and his wife, Mary E. Bye, and to procure his said wife to unite in said assignment.

"That in accordance with said agreement, the said shares of capital stock held by said Augustus Werner were procured for the defendant at the price named, to wit: One thousand two hundred and fifty dollars, for which the said John G. Schorr, the defendant, paid, and the said shares of stock were transferred and directed to be delivered to the said defendant.

"That the said defendant thereupon was elected one of the directors of the said Satin Candy Company, Incorporated, and also was elected its treasurer and secretary in the place of the said Augustus Werner, and as such director and officer he attended at its place of business from day to day, and undertook to act for and in the name of the said corporation, announcing to certain of the creditors of the Satin Candy Company, Incorporated, that he was so connected with it and would or had put money into its treasury to meet its financial obligations, and would thereafter have charge of its financial matters.

"That the defendant advanced to the said corporation under the agreement aforesaid, certain sums of money, to wit: About five hundred dollars, to meet some of its indebtedness, but contrary to his obligations under the agreement aforesaid, and in violation of his duty in the premises, refused to make other or further advances of cash to said corporation, to the amount for which he had obligated himself as aforesaid, notwithstanding the said corporation was ready and willing to issue to him its promissory notes therefor, with the endorsements aforesaid, and the said Clarence R. Bye was ready to assign unto the defendant the equity of redemption in the property hereinbefore referred to, in accordance with the terms of said agreement.

"That in consequence of the default of the defendant in the performance of his agreement aforesaid, the said Satin Candy Company, Incorporated, was unable to proceed with its business, or to continue the same by the payment of its debts and obligations as they matured; whereupon proceedings were instituted by certain of its creditors for the appointment of receivers to wind up its business, because of its insolvency, and Thomas Mackenzie and J. Wallace Bryan were thereupon duly appointed such receivers, by the Circuit Court of Baltimore City, on the 7th day of November, 1924.

"That the assets of the said corporation, the Satin Candy Company, Incorporated, will not be sufficient to pay in full all of its creditors, and these plaintiffs, under the authority of the said Circuit Court of Baltimore City, bring this action to recover from the defendant the money so due by him to the said corporation as aforesaid.

"And the plaintiffs claim ten thousand dollars damages.

> "Thomas Mackenzie,
> "J. Wallace Bryan,
> "James Steele,
>     "Attorneys for Plaintiffs."

To this declaration a demurrer was interposed by the defendant, which demurrer was sustained, and judgment on the demurrer for the defendant for costs was entered. From this judgment the appeal in this case was taken.

The single question presented by this appeal, therefore, is, admitting the allegations of the declaration which are well pleaded to be true, have the plaintiffs (appellants here) a good cause of action against the defendant? It will be seen that the declaration alleges that the Satin Candy Company, Incorporated, was a corporation of the State of Maryland doing business in Baltimore City; that said corporation was in financial difficulties, and this condition was known to the appellee, who was also familiar with the need of the corporation for ready money to conduct its business; that

the whole of the capital stock of the corporation was owned by Clarence R. Bye, Augustus Werner, W. W. Waltemeyer and George W. Johnson; that these stockholders, as individuals, on or about the 8th of November, 1923, entered into an agreement with the appellee, by which agreement the appellee was to acquire a one-fourth stock interest in the corporation, for which he agreed to pay one thousand two hundred and fifty dollars; that upon his acquisition of one-fourth of the stock at that price, the appellee was to be elected a director of the corporation and secretary and treasurer thereof; that in consideration of this being done, the appellee agreed to furnish to the corporation a sum of money in such instalments as might be agreed upon, and as might be convenient for him, not to exceed in the aggregate the sum of five thousand dollars, all of which, however, should be paid to the said Satin Candy Company, Incorporated, within thirty days from his election as aforesaid, for which advance he was to be given a promissory note or notes of the corporation, payable within twelve months from their respective dates, with six per cent. interest, such notes to be endorsed by Clarence R. Bye, W. W. Waltemeyer and George W. Johnson, and as additional security Clarence R. Bye was to convey to the appellee the equity of redemption in a certain fee-simple residence property known as No. 4002 Main Street, Baltimore, Maryland, owned by the said Bye and wife, and procure the wife to unite in the assignment; that in accordance with said agreement, the shares of stock at the time of the agreement owned by Augustus Werner were procured for the appellee for the price of one thousand two hundred and fifty dollars, which sum the appellee paid and the shares of stock were transferred to him; that the appellee was then elected director, secretary, and treasurer of the corporation, and as such director and officer he attended the place of business of the corporation from day to day and undertook to act for and in the name of the corporation, stating to certain creditors of the corporation that he was so connected and would or had put money into the treasury to meet its financial obligations, and would from that time have charge of its financial affairs;

that all of the money to be furnished by the appellee was to be applied to the liquidation of the then indebtedness of the corporation; that he advanced to the corporation, under the agreement, the sum of five hundred dollars to meet some of its indebtedness, but, contrary to the agreement and in violation of his duty in the premises, refused to make any other or further advances of cash, notwithstanding the corporation was ready and willing to issue its promissory notes therefor, with the endorsements agreed to be had, and Clarence R. Bye was ready to asign to the appellee the equity of redemption in the property known as No. 4002 Main Street, Baltimore, Md.; that by reason of the failure of the appellee to perform his agreement, the corporation was unable to proceed with its business and to continue to pay its debts and obligations as they matured, by reason of which proceedings were instituted by certain of its creditors for the appointment of receivers to wind up its business because of its insolvency, and the appellants were appointed such receivers by the Circuit Court of Baltimore City; that the assets of the Satin Candy Company, Incorporated, are insufficient to pay all of its creditors; and under the authority of the Circuit Court of Baltimore City this suit was instituted to recover from the appellee the money so due by him to the corporation.

It will be noted that the agreement alleged in the declaration was made between the appellee and four individuals, namely, Clarence R. Bye, Augustus Werner, W. W. Waltemeyer and George W. Johnson, who were at that time the owners of all of the stock of the corporation. It is not contended that the act of these individuals in making the agreement was the act of the corporation, but that in making the agreement they entered into a contract with the appellee for the benefit of a third person, the corporation, and for this reason the appellants, now representing the corporation for the purpose of winding up its business and affairs, are entitled to sue the appellee upon the agreement or contract made by the individual stockholders for the benefit of the corporation. There is no allegation that this agreement or contract was under seal or in writing. We therefore have presented a case

of a simple contract made by four individuals, who at the time were the owners of all the stock of the corporation, with the appellee, which it is contended was made for the benefit of the corporation. Although there may be conflict of authority in other jurisdictions, it is well settled in this state that a simple contract made by "A" with "B" for the benefit of "C," if made upon a sufficient and adequate consideration, may be enforced by "C" and an action maintained by him for the breach. *Small v. Schaefer,* 24 Md. 143; *Northern Central R. R. Co. v. United Railways,* 105 Md. 345. In the latter case this Court said: "When one person, for a valuable consideration, engages with another by a simple contract to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such agreement."

The appellee does not deny or controvert the rule as above quoted, but contends that the contract in this case was made for the benefit of the individuals who were parties thereto, and that if there is any liability it is not to the corporation but to those individuals. With this contention we are not in accord. In the case of *Small v. Schaefer, supra,* our predecessors adopted the language employed in 1 *Parsons on Contracts,* 466-468, by which the learned author stated the rule as follows: "In this country the right of a third party to bring an action on a promise made to another for his benefit, seems to be somewhat more positively asserted, and we think it would be safe to consider this the prevailing rule with us, * * * Such a promise is to be deemed made to the third party if adopted by him, although he was not cognizant of it when made." In 6 *R. C. L.* 887, it is said: "Ordinarily it is sufficient if the contract is evidently made for the benefit of the third person. The question of whether a contract was so intended is one of construction. That intention must be gathered, just as in the case of any other contract, from reading the contract as a whole in the light of the circumstances under which it was entered into."

The declaration in this case constitutes the contract, and the intention of the parties must be gathered from the whole

of the declaration and in the light of the circumstances under which it was entered into, as set out in the declaration.   We are of the opinion that the contract in this case was made for the benefit of the corporation, and the fact that the corporation would have been benefited to a degree sufficiently to inure to individual stockholders is nothing against this construction.   It is apparent that the defendant was aware of the financial condition of the corporation at the time the agreement was made, and the purpose of the agreement, which was as clearly known to the defendant as to the other parties to the agreement, was to resuscitate the corporation by using the amount advanced to pay its debts and enable it to continue in business.   After this step had been taken, if the corporation was successful, the benefit, it is true, would have inured to the other parties to the agreement, but proportionately to no greater extent than to the appellee, who became the owner of one-fourth of the stock.   Again, as indicating that the contract was made and intended to be for the benefit of the corporation, it will be noted that the corporation furnished a portion of the consideration by electing the appellee a director and officer.

The action of the appellee in paying the five hundred dollars to the corporation further indicates that he fully understood and believed that the agreement was made and intended for the benefit of the corporation, and the act of making the payment ratified the agreement at a time subsequent to the adoption by the corporation of the agreement for its benefit, as evidenced by its election of the appellee as a director and officer.   The rule, as adopted by this Court in *Small v. Schaefer, supra,* does not rest upon the ground of any actual or supposed relationship between the parties, nor upon the reason that the defendant, by entering into such an agreement, has impliedly made himself the agent of the plaintiff, but upon the broader and more satisfactory basis that the law, operating on the act of the parties, creates the duty, establishes the privity, and implies the promise

and obligation on which the action is founded.  *Brewer v.
Dyer,* 7 Cush. (Mass.) 344.

It follows that, in our opinion, whatever agreement was
made between the parties was for the benefit of the corpo-
ration, and that it is entitled to enforce the agreement or
sue in damages for the breach, if there be one.  Having
determined that the corporation in the first instance, and
now its duly appointed receivers, are proper parties plaintiff,
in the view which we take of the case it becomes unnecessary
to decide whether the corporation is required to tender full
performance as a condition precedent to the maintenance
of this action, for the reason that the declaration, after
definitely setting out the agreement or contract, fails to
allege any breach, but on the contrary, sets out a state of
facts which shows that the defendant complied with the
terms and conditions of the contract.  The declaration
alleges the agreement to be that, after the defendant was
elected a director and officer of the corporation, he agreed
to furnish to the corporation, for the purpose of paying its
debts, a sum of money not to exceed in the aggregate the
sum of five thousand dollars, and such sum of money was
to be furnished in such instalments as might be agreed
upon and as might be convenient to the defendant, all of
which was to be furnished within thirty days from the
defendant's election as director and officer of the corporation.
It will be noted that the agreement was not to furnish five
thousand dollars but to furnish a sum of money not to ex-
ceed five thousand dollars; all of such sum to be so fur-
nished—not the sum of five thousand dollars—should be
paid within thirty days from defendant's election as a
director and officer.  The declaration then alleges that the
defendant furnished the sum of five hundred dollars, which
was used in payment of the debts of the corporation, after
which he refused to furnish any greater or additional sum;
and this refusal on the part of the defendant to furnish
any additional sum over and above the five hundred dollars
is alleged as a breach of the agreement.  It is clearly ap-

parent that his refusal to furnish more money in addition to the five hundred dollars is not a breach of the agreement as set out in the declaration. The defendant did not agree to furnish five thousand dollars but a sum of money not exceeding five thousand dollars; he could have furnished any sum of money from one cent to five thousand dollars, and had he done so, it would have been a compliance with the agreement as set forth in the declaration. This being true, when he furnished five hundred dollars, which the plaintiffs themselves allege he did do, he fully complied with the literal terms of the agreement, and having so performed his part of the agreement, there is no breach for which the plaintiffs are entitled to maintain an action.

Being of the opinion that the lower court was correct in sustaining the demurrer to the declaration, the judgment must be affirmed.

*Judgment affirmed, with costs.*