MACKUBIN *v.* CURTISS-WRIGHT CORPORATION
[No. 93, October Term, 1947.]

*Decided February 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Douglas H. Gordon,* with whom was *Charles D. Harris* on the brief, for the appellant.

*William L. Marbury,* with whom were *Marbury, Miller & Evans* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Mrs. Maud P. Mackubin, appellant, a stockholder in Curtiss-Wright Corporation, a manufacturer of aeronautical equipment, claims that she is a third-party beneficiary under a stock listing agreement made by that corporation with the New York Stock Exchange, and that she is consequently entitled to recover certain loss which she alleges she sustained as a result of a breach of the agreement.

It appears from the record that on June 1, 1932, Curtiss Wright Corporation, which is incorporated under the laws of Delaware, filed an application to list its $2 noncumulative Class A ($1 par) stock on the New York Stock Exchange. In consideration for the listing of the stock, the corporation agreed, among other things, "to publish promptly to holders of listed stock any action in respect to dividends on shares, or allotments of rights for subscription to securities, notices thereof to be sent to the Stock Exchange."

On March 6, 1946, plaintiff, through the brokerage firm of Mackubin, Legg & Company, in which her husband is the senior partner, bought 200 shares of the Curtiss-Wright Class A stock at $31 per share; and also entered an order, good till cancelled, to buy 100 additional shares at $30. Quarterly dividends of 50 cents per share had been paid by the corporation on this stock in 1943, 1944 and 1945. On March 18, 1946, the directors of the corporation met in its principal office at 44 Rockefeller Plaza, New York City, for the transaction of business, includ-

ing action on quarterly dividend. They met at 4:15 p. m., and at 5:30 p. m. voted to omit the dividend. They decided to make public announcement of their action, but when the meeting adjourned at 5:55 p. m., there was no one in the office from which the news releases are usually distributed. There was no announcement that evening or on the following morning. The delay was due to the fact that some of the experienced employees were away from the office, and a new employee in charge of news releases was not aware of the importance of making the announcement promptly.

It was at noon on March 19 that it was learned by officials of the corporation that announcement had not been made. Efforts were then made to send the information to news release services. It was 2:30 p. m. when the first announcement was made. One of the employees telephoned it to Dow, Jones & Company, publisher of the Wall Street Journal, 44 Broad Street, which operates a teletypewriter service. The ticker tape immediately gave the announcement of the dividend omission. It was followed by a quick drop in the price of Class A stock. Prior to the announcement it was selling at 31¼. Immediately afterwards it fell to 25, recovered to 29, and closed at 25⅞. Plaintiff's order to buy 100 shares at $30 per share was executed at 2:34 p. m., four minutes after the announcement was put on the ticker. On March 21 Guy W. Vaughan, president of Curtiss-Wright, called on Emil Schram, president of the New York Stock Exchange, and assured him that all news releases thereafter would be distributed to the Stock Exchange and the public immediately after the action of the board. Since March 19 the Class A stock has never sold as high as 30. Plaintiff claims that, inasmuch as she became a stockholder in the corporation prior to March 19, she is entitled to recover her loss in the market value of the 100 shares bought on that day, because, if she had received prompt notice of the board's action, her husband would have cancelled the order to purchase early on the morning of March 19.

The trial judge held that, even though Curtiss-Wright Corporation may not have promptly announced the board's decision to defer action on declaration of dividend, plaintiff had no cause of action against the corporation. He accordingly directed the jury to render a verdict for defendant. From the judgment entered on that verdict plaintiff brought this appeal.

The original rule of the common law was that privity between the plaintiff and the defendant is requisite to maintain an action on a contract, even though the contract is for the benefit of a third person. There has been a gradual relaxation of this rule. *Seaver v. Ransom,* 224 N. Y. 233, 120 N. E. 639, 2 A. L. R. 1187; *Ultramares Corporation v. Touche,* 255 N. Y. 170, 174 N. E. 441, 74 A. L. R. 1139. In *Pennsylvania Steel Co. v. New York City Ry. Co.,* 2 Cir., 198 F. 721, 749, Judge Noyes made the following comment on the subject: "In England and in some of the States the rule is adhered to that the only persons who can sue upon a contract are the parties; that a third person for whose benefit a contract is made cannot maintain an action upon it. The reason for the rule is said to be that there is no privity between the contracting party making the promise and the third person and that the consideration does not move directly from the latter. The rule has the merit of simplicity but is calculated to permit injustice. It is founded, too, upon wholly artificial distinctions. There is no real and substantial reason why, if the parties to a contract recognize the interest of a third person in it and desire and intend to give him a right of action upon it, they should not be able to do so."

The Courts now generally recognize the right of a third-party beneficiary to sue on a contract made expressly for the benefit of either a donee beneficiary or a creditor beneficiary. A third person is a donee beneficiary where it appears that the purpose of the promisee in obtaining the promise of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither

due nor supposed or asserted to be due from the promisee
to the beneficiary. A third person is a creditor beneficiary
where no purpose to make a gift appears and perform-
ance of the promise will satisfy an actual or supposed
or asserted duty of the promisee to the beneficiary, or
a right of the benficiary against the promisee which has
been barred by the Statute of Limitations, or by a dis-
charge in bankruptcy, or which is unenforceable because
of the Statute of Frauds. *1 Restatement, Contracts,*
sec. 133. The great weight of American authority now
recognizes that a direct right of action, either at law or
in equity, arises from a contract promising performance
for the benefit of either donee beneficiary or creditor
beneficiary. *2 Williston on Contracts,* sec. 356.

It is a general rule of comity that the law of the place
of contracting determines the validity and effect of a
promise with respect to the nature and extent of the
duty for the performance of which a party becomes
bound. *Baltimore & O. R. Co. v. Glenn,* 28 Md. 287, 321,
92 Am. Dec. 688; *Sun Insurance Office, Limited, of Lon-
don v. Mallick,* 160 Md. 71, 80, 153 A. 35; *Restatement,
Conflict of Laws,* sec. 332. Therefore, since the agree-
ment in the case at bar was made in New York City, the
obligations of the parties are determined by the law of
the State of New York. But we do not base our de-
cision in this case upon any distinctive theory of New
York law. For plaintiff is neither a donee beneficiary
nor a creditor beneficiary. Even in those States which
are most liberal in extending to third-party beneficiaries
the right to sue on contracts made by others, the Courts
recognize the right as an exception to the original rule
of the common law, which arose from the natural pre-
sumption that a contract is intended only for the benefit
of those who enter into it. Thus it is generally accepted
that before a stranger to a contract can avail himself
of the exceptional privilege of suing for a breach thereof,
he must at least show that it was intended for his direct
benefit. *German Alliance Insurance Co. v. Home Water
Supply Co.,* 226 U. S. 220, 33 S. Ct. 32, 35, 57 L. Ed. 195,

42 L. R. A., N. S., 1000; *Robins Dry Dock & Repair Co. v. Flint*, 275 U. S. 303, 48 S. Ct. 134, 72 L. Ed. 290. An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee. *1 Restatement, Contracts*, sec. 147. In order to recover it is essential that the beneficiary shall be the real promisee; *i. e.*, that the promise shall be made to him in fact, though not in form. It is not enough that the contract may operate to his benefit. It must clearly appear that the parties intend to recognize him as the primary party in interest and as privy to the promise. *Haines v. Pacific Bancorporation*, 146 Or. 497, 30 P. 2d 763; *In re Gubelman*, 2 Cir., 13 F. 2d 730, 48 A. L. R. 1037.

In the instant case the stock listing agreement between the New York Stock Exchange and Curtiss-Wright Corporation was not entered into primarily for the direct benefit of plaintiff. Any right she might have by virtue of the agreement comes to her incidentally as a stockholder. But her claim is not as a stockholder, but as a prospective purchaser of stock. She has not suffered any damage as a stockholder, and the listing agreement by its terms is not intended to give any rights to prospective purchasers. If under the agreement she has any rights as a stockholder, which we do not here decide, these rights are not affected. Her claim here is the same as if she had not previously been a stockholder, and she is not in a better position by reason of the fact that she had previously purchased stock.

Finding that the stock listing agreement did not create any binding obligation on the part of defendant that plaintiff can enforce, we hold that the Court below was correct in directing a verdict for defendant.

*Judgment affirmed, with costs.*