MARLBORO SHIRT COMPANY, INC. *v.* AMERICAN DISTRICT TELEGRAPH COMPANY

[No. 35, October Term, 1950.]

566

*Decided January 10, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON *and* HENDERSON, JJ.

*A. Frederick Taylor*, with whom were *Harry W. Allers* and *Allers & Cochran* on the brief, for the appellant.

Joseph T. Brennan, 2nd, with whom was Hilary W. Gans on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

S. Rosenbloom, Inc., owned a building known as 410 W. Lombard Street, Baltimore, Maryland, and rented a part thereof to the Marlboro Shirt Co., Inc. At the time of the lease, the building was equipped with a sprinkler system. On December 18, 1941, the lessor, S. Rosenbloom, Inc., entered into a written contract with the American District Telegraph Co., whereby the latter agreed to install and maintain on the sprinkler system an automatic central station signaling device which would signal a leakage of water in the sprinkler system to the office of the appellee. Some time between the 8th and 10th of February, 1947, a leak occurred in the sprinkler system, causing a discharge of water in the premises rented by the appellant, which continued until discovered on Monday morning, February 10, 1947, and which caused damage to certain stock and equipment of appellant stored therein. The alarm system failed to operate.

The appellant instituted suit in the Superior Court of Baltimore City against the appellee for damages resulting to its stock of goods and equipment. The appellee demanded particulars of the appellant's claim, and to its second amended declaration as particularized the appellee demurred. The demurrer was sustained, and from a judgment entered thereon an appeal was taken to this court.

The declaration contained two counts. After setting out the facts above stated, the first count alleges: "The damage to said stock and equipment owned by the Plaintiff was caused by the negligence of the Defendant, its agents or servants, and there was no negligence on the part of the Plaintiff which directly contributed thereto."

The second count contains the same facts, and alleges: "* * * and for that as a result of the failure of the

Defendant to perform the aforesaid contract or detect the aforesaid water flow and notify the proper authorities, the Plaintiff sustained great damage to its stock and equipment, * * *."

It will be noted that the first count sounds in tort and the second count is grounded on the breach of a contract. The question posed by the appellant in this case: "Is the lower court correct in sustaining Appellee's demurrer where the facts alleged show negligence on the part of Appellee and where the facts further show that the contract in question of necessity had to be for the benefit of the Appellant?" The appellee contends that the contract in question was not entered into for the purpose of benefiting the appellant.

It has been stated by this court that at common law privity between the plaintiff and defendant is requisite to maintain an action on a contract, even though the contract is for the benefit of a third party. But that rule has gradually relaxed, so that now, in this State, a person for whose benefit a contract is made can maintain an action upon it. But before one can do so it must be shown that the contract was intended for his benefit; and, in order for a third party beneficiary to recover for a breach of contract it must clearly appear that the parties intended to recognize him as the primary party in interest and as privy to the promise. An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee. "In order to recover it is essential that the beneficiary shall be the real promisee; i.e., that the promise shall be made to him in fact, though not in form. It is not enough that the contract may operate to his benefit. It must clearly appear that the parties intend to recognize him as the primary party in interest and as privy to the promise." (Quoting authorities:) *Mackubin v. Curtiss-Wright Corp.*, 190 Md. 52, 57 A. 2d 318, 321.

In Restatement of the Law, Contracts, section 133, a donee beneficiary, creditor beneficiary, and incidental beneficiary are defined as follows:

"(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is, except as stated in Subsection (3) :

"(a) a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary;

"(b) a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, or a right of the beneficiary against the promisee which has been barred by the Statute of Limitations or by a discharge in bankruptcy, or which is unenforceable because of the Statute of Frauds;

"(c) an incidental beneficiary if neither the facts stated in Clause (a) nor those stated in Clause (b) exist." Williston on Contracts, Revised Ed., Vol. Two, sec. 356; *Mackubin v. Curtiss-Wright Corp., supra.*

The appellant's brief cites only four cases, all of which are decisions of this court. In the cases of *Small v. Schaefer,* 24 Md. 143, *Mackenzie v. Schorr,* 151 Md. 1, 133 A. 821, and *Sterling v. Cushwa,* 170 Md. 226, 183 A. 593, the third person beneficiary was specifically named in the undertaking sued on, and in *Northern Central Ry. Co. v. United Rys. Co.,* 105 Md. 345, 66 A. 444, recovery was permitted on the theory that the railroad company had been forced to pay an obligation that was owing by the United Railways Company under its contract to the City of Baltimore. All of these cases are quoted and relied on by the appellant in this case. We do not think that these cases apply to the case at bar.

In order to recover in this case the appellant must show that the appellee owed it a duty under the contract.

It seems clear that appellant is not a creditor beneficiary. There is no allegation in either count of the declaration that the appellee promised the appellant to install an alarm system. If such a system had not been installed, certainly the appellant could not have recovered against its lessor for damages claimed in this case. If it is a beneficiary under the contract, it must be a donee beneficiary. In the contract the appellant is not mentioned. In fact, so far as it can be gathered from the provisions of the contract, the appellant was an entire stranger. If A enters into a contract with B and does not know that A intends C to be the beneficiary under the contract, C cannot enforce the promise made by A, for it would not appear that A and B recognize C as the primary party in interest and as privy to the promise, as this court has held. There are cases where the name of the beneficiary is not stated, but where he can recover under the contract. In such cases the facts and circumstances surrounding the transaction show clearly that a particular person (though not named) is the beneficiary. Williston on Contracts, Revised Ed., Vol. Two, sec. 378.

There is nothing in the contract whereby the appellant could be identified as a third person beneficiary. In the case of *Mackubin v. Curtiss-Wright Corp., supra,* the corporation filed an application to list a $2 non-cumulative Class A ($1 par) stock on the New York Stock Exchange, and in consideration of a listing of the stock it agreed to "publish promptly to holders of listed stock any action in respect to dividends on shares, or allotments of rights for subscription to securities, notices thereof to be sent to the Stock Exchange". [190 Md. 52, 57 A. 2d 319.] In that case notice was not sent to the Stock Exchange until so late that it was useless to the plaintiff. She sued as a third party plaintiff. We held she benefited only incidentally and could not recover. We think that case governs the case at bar.

As to the tort count, it has been held by this Court that a contractor owes no duty to the general public for which it may be made responsible in an action in tort

for negligence, if it does not perform its contract. The duty under such contract is only to the one with which the contract is made.

*East Coast Freight Lines, Inc., v. Consolidated Gas Company,* 187 Md. 385, 402, etc., 50 A. 2d 246.

It cannot be said under the facts alleged in either count of the declaration here considered, established as a matter of law, that the appellant was either a donee beneficiary or a creditor beneficiary under the contract in question. It was only an incidental beneficiary and hence cannot recover.

We have diligently searched for a case similar to the facts of the case at bar—we have found none. This may be the reason the appellant cites none. The judgment will be affirmed.

*Judgment affirmed, with costs.*