LEVY ET UX, TO USE OF WALBROOK MILL AND LUMBER COMPANY, ET AL. *v.* GLENS FALLS INDEMNITY COMPANY.

[No. 176, October Term, 1955.]

*Decided June 13, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*William Saxon* for appellants.

The Court declined to hear argument for the appellee. *J. Marshall Neel* and *Robert E. Coughlan, Jr.,* on the brief for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

On January 17, 1952, John N. Prevosto, a building contractor, entered into a written contract with Robert D. Levy and Louise Levy, his wife, to build a one-story dwelling on their lot at 3102 Strathmore Avenue in Baltimore. He agreed to give a bond to assure faithful performance of the contract and payment to all persons who furnish labor and material in the prosecution of the work.

The bond was executed by Prevosto, as principal, and

Glens Falls Indemnity Company, as surety, on July 17, 1952. It was conditioned as follows:

> "Now, therefore, the condition of this obligation is such that if Principal shall well and truly perform the contract and make payment to all persons who have furnished Principal labor or material in the prosecution of the work provided for in the contract, then this obligation to be void, otherwise to remain in full force and effect; provided, however, this bond is executed by the Surety, upon the following express conditions, which shall be precedent to the right of recovery hereunder.
>
> "1. Any person who has furnished Principal labor or material in the prosecution of the work provided for in the contract shall have a direct right of action under this bond, subject to Obligee's priority, provided such person shall notify Obligee in writing, giving the details of the indebtedness, within the time required for filing statutory notice under the Mechanic's Lien Law. * * *"

The Maryland Mechanic's Lien Law, Code 1951, art. 63, sec. 11, provides as follows:

> "If the contract for furnishing such work or materials, or both, shall have been made with any architect or builder or any other person except the owner of the lot on which the building may be erected, or his agent, the person so doing work or furnishing materials, or both, shall not be entitled to a lien unless, within sixty days after furnishing the same, he or his agent shall give notice in writing to such owner or agent, if resident within the city or county, of his intention to claim such lien."

On December 19, 1952, this suit was entered in the Superior Court of Baltimore City by Robert D. Levy and Louise Levy, his wife, to the use of Walbrook Mill and Lumber Company, and by Walbrook Mill and Lumber Company, a

body corporate, against Prevosto and Glens Falls Indemnity Company. The declaration contained three separate claims.

The first claim was brought by Levy and his wife to the use of the lumber company against both defendants. It alleged that Prevosto, while building the house, ordered lumber to be delivered to the premises; that the lumber was delivered and became a part of the house; that the amount due therefor was $1,313.52; and that Prevosto and the surety had failed and refused to pay for the same.

The second claim was the same as the first, except that it was brought by the lumber company, instead of by the Levys to the use of the company.

The third claim was brought by the lumber company against Prevosto alone on his promissory note, dated June 10, 1952, payable to the order of that company. It was claimed that the balance due on the note was $2,525.59.

The lumber company obtained judgment against Prevosto by default, and the Court subsequently entered judgment on inquisition against him for $3,839.

The case against the surety was tried before the Court sitting without a jury. The lumber company produced an itemized unpaid bill for $1,313.52 for lumber which had been ordered by Prevosto. The bill showed that the lumber had been delivered between September 15 and October 4, 1952.

The surety moved for a directed verdict on the grounds (1) that there was no privity of contract between the lumber company and the surety, and (2) that the lumber company did not give the Levys a written notice of the indebtedness within the time required by the bond. The Court, finding that the lumber company had not given the Levys a notice as required by the bond, rendered a verdict in favor of the surety. Judgment was entered on the verdict, and the lumber company appealed here from the judgment.

It is an ancient rule of the common law that a person who did not enter into a contract, or succeed to the interest of those who did, has no right of action for its breach, although he sustained damage thereby. The modern decisions recognize an exception to this rule in holding that laborers and

materialmen may recover on a contractor's bond, since it is executed expressly for their benefit. *Knight & Jillson Co. v. Castle,* 172 Ind. 97, 87 N. E. 976, 27 L. R. A., N. S., 573.

In *Hartford Accident & Indemnity Co. v. W. & J. Knox Net & Twine Co.,* 1926, 150 Md. 40, 132 A. 261, this Court held that where a contractor's bond is drawn to cover the claims of those furnishing labor and material, suit on the bond can be maintained by the obligee for the use of those having such claims. Moreover, in *Mackubin v. Curtiss-Wright Corporation,* 1948, 190 Md. 52, 57 A. 2d 318, we held that a direct right of action, either at law or in equity, arises from a contract promising performance for the benefit of either a donee beneficiary or a creditor beneficiary.

In the present case Levy and his wife testified that they never authorized the institution of this suit for the use of Walbrook Mill and Lumber Company. However, the bond expressly provides that a laborer or materialman shall have a direct right of action against the surety, subject to the Levys' priority, provided that the laborer or materialman shall notify the Levys in writing within the time required.

The lumber company did not comply with the first condition of the bond, since it did not notify the Levys within sixty days after the last delivery of the lumber. No notice was given to them until about four months after the last delivery. It follows that the company had no direct right of action against the surety. It is elementary that a surety on a bond is bound only to the extent and under the circumstances stipulated in the obligation. *Duffy v. Buena Vista Ice Co.,* 122 Md. 275, 90 A. 53.

The lumber company contends, however, that this condition of the bond is unenforceable because it does not state in plain and unambiguous terms the time within which the written notice of default must be given by the laborer or materialman to the Levys.

One criticism of this condition is that it requires notice of intention "within the time required for filing statutory notice under the Mechanic's Lien Law," but does not say the Maryland Mechanic's Lien Law. The standards of interpretation

of an integration, except where it produces an ambiguous result, or is excluded by a rule of law establishing a definite meaning, is the meaning that would be attached to the integration by a reasonably intelligent person acquainted with all operative usages and knowing all the circumstances prior to and contemporaneous with the making of the integration, other than oral statements by the parties of what they intended to mean. *McKeever v. Washington Heights Realty Corporation,* 183 Md. 216, 220, 37 A. 2d 305; *Insley v. Myers,* 192 Md. 292, 300, 64 A. 2d 126; 1 *Restatement, Contracts,* sec. 320. The bond in this case is a standard form printed for the surety, which has its main office in Glens Falls, New York. This form has presumably been used, not in Maryland alone, but in various parts of the United States. Assuming that the bond is used in a number of States, the time within which the notice must be given depends upon the law of the State in which the bond was executed and in which the work was to be done and the materials were to be provided. We think there can be no doubt that this bond, in mentioning the Mechanic's Lien Law, intends the Mechanic's Lien Law of Maryland.

Another criticism of the condition is that when the bond was issued in July, 1952, the Mechanic's Lien Law of this State did not authorize liens for materials furnished in Baltimore City, but authorized liens in that jurisdiction only for work done. It is true that it was not until 1953 that the Legislature of Maryland authorized liens in Baltimore City for materials furnished. Laws 1953, ch. 759, Code Supp. 1955, art. 63, sec. 1. But this is not a mechanic's lien case. It is a suit brought against a surety on a bond, which requires that notice be given within the time required by the Mechanic's Lien Law. The question is not whether such a lien could be claimed for materials furnished in Baltimore, but how much notice was required by the Mechanic's Lien Law at the time the bond was issued. In the year 1952 there was a Mechanic's Lien Law in this State providing that if the contract for furnishing work or materials shall have been made with any person other than the owner of the

lot on which the building may be erected, the person doing the work or furnishing the materials shall not be entitled to a lien unless within sixty days after furnishing the same he shall give notice in writing to such owner of his intention to claim such lien.

The third criticism of the condition is that it requires that notice be given within the time required for "filing statutory notice," whereas our statute provides that the person doing the work or furnishing materials shall "give notice in writing." The word "file" is derived from the ancient custom of filing or fastening writs and other exhibits on a wire or thread in courts and offices for safekeeping and ready reference. Thus a paper is said to be "filed" when it is delivered to the proper officer and received by him to be kept on file. In modern usage, the "filing" of a paper consists in placing it in the custody of the proper official who makes the proper indorsement thereon. The word "filed" carries with it the idea of permanent preservation of a paper so delivered and received, so that it may become a part of the public record. It is true that our statute does not require that notice of intention to claim a mechanic's lien shall be filed with a public official. It requires only that the notice be given in writing to the owner or his agent. However, the use of the word "filing" does not make the bond ambiguous, inasmuch as the intention of the bond is obvious. The cardinal rule in the interpretation of bonds, as in the interpretation of all written contracts, is to ascertain the intention of the parties and to give effect to that intention if it can be done consistently with legal principles. *Hospital for Women of Maryland v. United States Fidelity & Guaranty Co.*, 177 Md. 615, 618, 11 A. 2d 457, 128 A. L. R. 931; *Lange v. Board of Education of Cecil County*, 183 Md. 255, 260, 37 A. 2d 317.

The bond now under consideration expressly states that compliance with the conditions therein shall be "precedent to the right of recovery." It is accordingly beyond question that the time within which notice was to be given to the landowners was of the essence of the contract. As the lumber company did not comply with this condition, the Court acted

274

correctly in finding in favor of the surety. We will, therefore, affirm the judgment entered upon the verdict.

*Judgment affirmed, with costs.*