HAMILTON AND SPIEGEL, INC. *v.* BOARD OF EDUCATION OF MONTGOMERY COUNTY

[No. 138, September Term, 1963.]

*Decided December 16, 1963.*

198

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Karl G. Feissner,* with whom were *Alpern & Feissner* on the brief, for appellant.

*Charles W. Prettyman,* with whom was *James C. Christopher* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

Technical Engineers and Contractors, Inc. (Technical) agreed by a written contract to build a school for the Board of Education of Montgomery County (the Board). The United States Fidelity and Guaranty Company (the Bonding Company) became surety on the payment bond required by Code (1963 Cum. Supp.), Art. 90, Sec. 11. Appellant, Hamilton and Spiegel, Inc. (Hamilton), a roofing and sheet metal contractor, supplied material and labor for the school building at the request of the prime contractor.

To recover a claimed unpaid balance of $3,501.82, Hamilton brought suit against Technical, the Bonding Company and the Board. The counts of the declaration claiming against Technical and the Bonding Company are not before us in this appeal except as far as the allegations of fact therein are incorporated in the claim against the Board, which is said to be liable for two reasons: first, Hamilton says it is a creditor beneficiary under the contract between Technical and the Board and second, the Board became unjustly enriched at Hamilton's expense by availing itself of Hamilton's labor and materials "without paying full and reasonable value of the goods and services rendered."

The Board demurred to the declaration against it on the grounds that no cause of action was stated and the contract under which the balance due was claimed was one between Technical and the Board only, so that there was no privity between the claimant and the Board. Judge Shook sustained the demurrer without leave to amend and the appeal followed.

This Court has recognized the right of a third party beneficiary to avail himself of the benefits intended for him by a contract to which he is not a party, and has adopted the definitions of such beneficiaries set out in *Restatement, Contracts,* Sec. 133. *Mackubin v. Curtiss-Wright Corp.,* 190 Md. 52, 56-57; *Marlboro Shirt Co. v. Am. Dis. Tel. Co.,* 196 Md. 565, 569-570.

Sec. 133 says that where performance of a promise will benefit a person other than the promisee that person is a donee beneficiary "if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee * * * is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary," and that person is a creditor beneficiary "if no purpose to make a gift appears * * * and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary * * *."

Appellant makes no claim to being a donee beneficiary. It argues it is a creditor beneficiary in that the performance (to the extent of $3,501.82, the amount Hamilton claims it is due) of the Board's promise to pay will benefit it and satisfy a duty of the Board to it.

In determining whether one is a creditor beneficiary (as is true in the case of a donee beneficiary) the intention of the contract, revealed by its terms, in the light of the surrounding circumstances is the controlling determinative.

It is not enough that the contract may operate to the benefit of the one claiming to be a beneficiary. "[I]t must be shown that the contract was intended for his benefit; and, in order for a third party beneficiary to recover for a breach of contract it must clearly appear that the parties intended to recognize him as the primary party in interest and as privy to the

promise. An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee." *Marlboro Shirt Co. v. Am. Dis. Tel. Co., supra* (p. 569 of 196 Md.). *Mackubin v. Curtiss-Wright Corp., supra* (p. 58 of 190 Md.), put it thus: "In order to recover it is essential that the beneficiary shall be the real promisee; *i. e.,* that the promise be made to him in fact, though not in form. It is not enough that the contract may operate to his benefit."

By virtue of Code (1963 Cum. Supp.), Art. 90, Sec. 11, requiring binding performance and payment bonds before a contract for a public building, work or improvement is awarded by the State or any political subdivision thereof, the contract between the Board and Technical provided for a payment bond for (in the words of paragraph (a) (2) of the statute) "the protection of all persons supplying labor and materials to the contractor or his subcontractor."

The purpose of the bond has been said to be to protect subcontractors and materialmen on State or other public projects where they have no lien on the work done. *Joseph F. Hughes & Co. v. Harry S. Mickey, Inc.,* 211 F. Supp. 298 (D. Md.).

The statutory direction that each public construction contract include the furnishing of a payment bond for the protection of materialmen and subcontractors refutes the claim that the contract between the Board and the prime contractor intended to make suppliers or subcontractors beneficiaries "in fact though not in form," entitled to demand payment direct from the Board. From the requirement of a payment bond there may soundly be inferred a legislative intent, written into each public construction contract, that the State or other public body is not to have a duty to pay or to see to the payment of materialmen or subcontractors beyond the furnishing of the payment bond.

The requisite intent to make the appellant a creditor beneficiary of the contract was lacking, and it cannot prevail on its theory that it was one.

We can see no basis for a holding that the Board has been unjustly enriched at Hamilton's expense. *Restatement, Restitution,* Sec. 1, a, b, c, says a person is enriched if he has re-

ceived a benefit. ("A person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action, performs services beneficial to or at the request of the other, satisfies a debt or a duty of the other, or in any way adds to the other's security or advantage.") A person is *unjustly* enriched if the circumstances of the receipt of the benefit are such as between the two that to retain it would be unjust. ("The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor.")

If it be assumed that Hamilton enriched the Board by furnishing material and services for the school building, the circumstances are such that it is not unjust for the Board to retain the benefits.

There is no allegation that the Board has not given money for money's worth in full by paying the entire agreed contract price. *Cf. Quillen v. Kelley,* 216 Md. 396. The Board did all it was required to do or reasonably or justly could have been expected to do by exacting the statutory payment bond to see that Hamilton received payment for its contributions to the improvement of the Board's lands from the Bonding Company if Technical did not pay. Both the Board and Hamilton knew when the services and materials were being furnished that if Technical did not pay for them the payment bond was there, if properly availed of, for Hamilton's protection.

Hamilton cannot now justly claim that it expected to receive payment direct from the Board if it was not paid by Technical, and there is no injustice in holding that it is not entitled to be so paid.

*Judgment affirmed, with costs.*