## BOLICK *v.* BOARD OF EDUCATION OF CHARLES COUNTY

[No. 171, September Term, 1969.]

*Decided December 18, 1969.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, and SINGLEY, JJ., and E. MACKALL CHILDS, Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Edward J. Skeens* for appellant.

*Richard J. Clark,* with whom was *Edward S. Digges* on the brief, for appellee.

CHILDS, J., delivered the opinion of the Court.

Joseph Clyde Bolick, individually, and doing business as Southern Maryland Drywall Co. has brought suit against the Board of Education of Charles County (the Board), alleging that he, as a subcontractor of Spa Construction Co., Inc. (Spa), furnished labor and materials for the La Plata High School from September 20, 1964, through December 22, 1965. Spa became insolvent and failed to pay Bolick, who complains primarily that the Board was under a duty imposed by Code (1957) Article 90, Section 11 to require Spa to furnish a payment bond executed by a surety company authorized to do business in Maryland which would protect all persons supplying labor and materials to the contractor. Bolick alleges that the Board was negligent in that it accepted a payment bond issued by a surety company not licensed to do business in the state; that the bond furnished was fraudulently executed and not enforceable, whereby the appellant was caused to lose material and labor valued at $6,581.07. In the alternative, he seeks judgment based upon the Board's unjust enrichment.

We will assume the truth of Bolick's allegations since Judge Perry E. Bowen, Jr. decided the case for the Board on its motion raising preliminary objection, Maryland Rule 323. The Board's asserted defense at the hearing on the motion and before this Court was that since the legislature had imposed a duty on the Board to require a payment bond, it became amenable to suit for failing to comply fully with the statute, but since suit was not instituted within a year of acceptance of the work, limitations had run against Bolick. Having lost his right to sue under the limitation provision of the statute the Board argued the lower court lost jurisdiction over the subject matter when Bolick lost his right to sue under the limitations provisions of the statute.

We will affirm the lower court, but not upon grounds asserted by the Board, nor upon the apparent reasons contained in Judge Bowen's ruling.

Rule 323, motion raising preliminary objection, may, among other matters, properly be employed to contest the lack of jurisdiction over the subject matter or over the person, *Irvine v. Montgomery County*, 239 Md. 113, 210 A. 2d 359; *Eyring v. Baltimore*, 253 Md. 380, 252 A. 2d 824. Boards of education in this State do not *per se* enjoy governmental immunity from suit, Code (1957) Article 77, Section 38. However, it has been conclusively established that boards of education are immune from liability in tort actions, since the legislature has given them no power to raise money for the purpose of paying damages, nor to pay judgments against them. *Weddle v. Board of County School Commissioners*, 94 Md. 334, 51 A. 289. In *Weisner v. Board of Education*, 237 Md. 391, 206 A. 2d 560, this Court held that the *Weddle* doctrine was too firmly established in Maryland law to justify a change affecting their tort liability without legislative sanction.

Technically, the lower court did have jurisdiction over the Board, and since the date of the final acceptance of the work was not established, the court also had jurisdiction over the subject matter, but we have consistently held that where there is substantial compliance with the substance of statutes or rules, and opposing parties have not been prejudiced, technical irregularities will not be made the basis for depriving litigants of the opportunity to assert their legal rights. *Hertelendy v. Montgomery Co.*, 245 Md. 554, 226 A. 2d 672; *Town of Somerset v. Montgomery County Board of Appeals*, 245 Md. 52, 225 A. 2d 294; *Board of County Commissioners v. Kines*, 239 Md. 119, 210 A. 2d 367; *Irvine v. Montgomery County, supra*. It would have served no useful purpose to have the trial court, in deciding the motion under Rule 323, rule that it did in fact have jurisdiction over the Board and the subject matter, but thereafter to hold that there

could be no judgment against the Board in an action in tort. In this respect, the situation was the reverse of that presented in *Irvine*.

Nor did Article 90, Section 11 create any change whatsoever with respect to the Board's liability. The basic pedigree of the statute is detailed in *Williams Construction Co. v. Construction Equipment, Inc.*, 253 Md. 60, 251 A. 2d 864. In considering the direct liability of boards of education to materialmen and subcontractors in *Hamilton v. Board of Education*, 233 Md. 196, 195 A. 2d 710, Judge (now Chief Judge) Hammond wrote:

> "From the requirement of a payment bond there may be soundly inferred a legislative intent written into each public construction contract that the State or other public body is not to have a duty to pay or see to the payment of materialmen or subcontractors beyond the furnishing of the payment bond."

See also *Ruberoid v. Glassman Construction Co.*, 248 Md. 97, 234 A. 2d 875.

Consequently, it was immaterial insofar as this suit was concerned when the period of limitations commenced or for what duration it extended, since the statute by its terms dealt only with actions *on the bond* and had no effect upon the tort liability of the Board.

Bolick, while conceding that his suit is predicated upon negligence, in the alternative, sought recovery as— "a contract creditor-beneficiary of the prime-contract agreement and unjust enrichment by the appellee at the expense and loss of the Appellant." He stated in his pleadings that the Board negligently paid Spa—"all or part of the sum of $77,521.50." He cited *Hamilton v. Board of Education, supra,* as authority supporting this position. We are unable to agree with his conclusion.

In *Hamilton,* the plaintiff, a subcontractor of a Montgomery County school sued the county board of education, claiming to be a creditor-beneficiary under a contract between the board and the principal contractor and also

maintained that the board became unjustly enriched at the plaintiff's expense. In dismissing the claim, this Court ruled that a creditor-beneficiary in order to recover must clearly show that the parties to the contract intended to recognize him as the primary party in interest, and as privy to the promise. The court ruled that the requirement of a payment bond refuted the claim that the contract between the Board and the prime contractor intended to make subcontractors beneficiaries 'in fact though not in form.' An incidental beneficiary acquires no right against the promisor or the promisee. The statute's provisions prevented materialmen from being entitled to demand payment directly from the Board.

*Judgment affirmed, costs to be paid by appellant.*