THOMAS L. HIGDON, INC. *v.* BOARD OF EDUCA-
TION OF CHARLES COUNTY, MARYLAND

[No. 196, September Term, 1969.]

*Decided February 4, 1970.*

*Motion for rehearing filed February 16, 1970; denied March 2, 1970.*

596

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*Charles W. Bell,* with whom were *John T. Bell* and *Bell & Bell* on the brief, for appellant.

*Richard J. Clark,* with whom was *Edward S. Digges* on the brief, for appellee.

PER CURIAM.

Appellant is an electrical contractor which was employed by the general contractor to do the electrical work on an addition to a school in La Plata, Charles County, Maryland. It did the work and was paid all but some $4,700 of the contract price. This balance was not paid because the general contractor failed, and the performance and payment bond furnished in purported compliance with Maryland Code (1969 Repl. Vol.), Art. 90, §§ 11 (a) (1) and (2)—a bond that had been accepted by the Board of Education of Charles County after it had been approved by the State Board of Education—turned out to have been executed by a surety that if not a phantom, at the least had never been licensed to do business in Maryland, and could not be looked to for payment.

Appellant sued the County Board for its claimed negligence in failing to require a valid bond. Judge Macgill entered judgment for the defendant. We will affirm the judgment. In *Bolick v. Board of Education of Charles County,* 256 Md. 180, 260 A. 2d 31 (1969), a suit against the County Board by another subcontractor on the La Plata School addition sounding in the same negligence

here relied on by the appellant (and in the alternative unjust enrichment), we held that the Board was not subject to suit in tort and, citing *Hamilton & Spiegel, Inc. v. Board of Education,* 233 Md. 196, that the Board had not been unjustly enriched. The *Bolick* case is controlling here.

*Judgment affirmed, with costs.*