575 A.2d 1272

**GRAY & SON, INC.**

**v.**

**MARYLAND DEPOSIT INSURANCE FUND CORPORATION, Receiver.**

**No. 1666, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

July 2, 1990.

Robert A. Gordon (Joel I. Sher and Shapiro and Olander, P.A., on the brief), Baltimore, for appellant.

Susan A. Griisser, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Dennis M. Sweeney, Deputy Atty. Gen. and M. Jayne Wright, Asst. Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MOYLAN, WILNER and BISHOP, JJ.

BISHOP, Judge.

Gray & Son, Inc. (Gray) appeals from an order of the Circuit Court for Baltimore City (Kaplan, J.) denying its claims to assets of Old Court Savings and Loan, Inc. (Old Court) held by Old Court's receiver, the State of Maryland Deposit Insurance Fund Corporation (MDIF).

## ISSUES

Gray asks:

I. Whether the trial court erred in ruling that it was not an intended third party beneficiary of a supplementary agreement and an irrevocable letter of credit and, therefore, could not recover from the receivership on the basis of those instruments;

II. Whether the trial court erred in refusing to grant summary judgment in its favor.

## FACTS

Gray subcontracted to construct roads for two development projects in Baltimore County.

Goldenwoods Partnership–Old Court Joint Venture (Goldenwoods) entered into a public works agreement (PWA) with Baltimore County in 1979 for a cottage development in the Golden Acres subdivision. Pursuant to the PWA, the developer was to "assume the full cost of paving, curb and gutter in this development for up to a 50 foot cross section and the cost of up to 30 feet of the standard street section on all existing or proposed roads abutting the property."

In a supplementary agreement with Baltimore County dated May 17, 1983 the Partnership assigned a savings account passbook from Old Court to the County, in lieu of a deposit, in an amount equal to the aggregate cost of curbs, gutters, and street paving in the development.

On June 21, 1983 appellant subcontracted with Goldenwoods for the road improvements in Golden Acres. Gray's work was to be in conformity with the plans and specifications in the original PWA and in accordance with construction and highway specifications adopted by Baltimore County. All work was subject to the approval of the Director of Public Works for Baltimore County or his representative. Baltimore County notified appellant on January 14, 1985 that the Golden Acres project was accepted as being in accordance with Baltimore County Standard Specifications.

The second contract, dated September 13, 1984, is between appellant and Fineland Enterprises, Inc. for the construction of roads and storm drains in The Woods, a residential development project. The County had entered into a Public Works Agreement with Woods Joint Venture and Fineland Enterprises, Inc. for the development of The Woods. The developers agreed to assume the cost of paving, road and gutter work in the development. On October 23, 1984 in conjunction with this PWA, Old Court Savings and Loan, Inc. issued an irrevocable letter of credit authorizing the County to draw up to $458,973.96. Drafts

under the letter of credit were to "cover the cost of construction of the roads and storm drains as stipulated" in the PWA. Baltimore County accepted Gray's work on the project on May 14, 1985.

Old Court Savings & Loan was placed into conservatorship on May 13, 1985 and into receivership on November 8, 1985 by the Circuit Court for Baltimore City. MDIF was appointed Receiver of the institution. On February 6, 1986 the Circuit Court for Baltimore City ordered that August 1, 1986 would be the last date for creditors (other than depositors) to file claims against Old Court. Subsequently, on September 19, 1986, the Circuit Court entered an Order Establishing Procedures for Exceptions to Claims of Creditors (Other Than Depositors).

On July 16, 1986 Gray filed Statement of Claim No. 22 in the Receivership Proceeding. On April 29, 1988 Gray filed two Statements of Claim, Claim No. 57 and Claim No. 58, based on the alleged indebtedness of Old Court to Gray for $40,213.93 on the Golden Acres Project and for $405,733.30 on The Woods Project. Claims Nos. 57 and 58, individually, contained the same two claims that were included in Claim No. 22, but in greater detail. In support of its statements of claim Gray asserted that the passbook and letter of credit were posted by the developer to guarantee payments that were owed to Gray for its road construction. Gray further contended that it was a third party beneficiary of Baltimore County's right to pursue collection of the collateral passbook and letter of credit posted by Old Court Savings and Loan.

As Receiver for Old Court MDIF filed exceptions to both claims. The exceptions contended that Gray had no right to benefit under either the passbook or the letter of credit because it had no contractual relationship with Old Court. Further, Gray made no legally sufficient draw or demand on either document.

The circuit court denied Gray's Request for Entry of Summary Judgment on Claims 57 and 58 and ruled in favor

of MDIF on the Receiver's Legal Exceptions to the Statements of Claim Nos. 57 and 58. The court found that: as a matter of law ... Gray is not a third-party beneficiary of the Letter of Credit or Passbook Account (and Supplementary Agreement) on which Gray bases these claims for recovery against the Receiver, and that there is no legal basis set forth in Claim No. 57 and Claim No. 58 to recover on the Letter of Credit, Passbook Account or collateral legal theories advanced by Gray in its Claims and pleadings.

## DISCUSSION

Baltimore County's development regulations are designed to ensure that public facilities and services are provided to protect and promote public health, safety and welfare. Baltimore County, Md.Code Art. IV Development Regulations §§ 22–37, 22–38 (1988/89 Cum.Supp.). Unless deferred by the Director of Public Works, *id.* § 22–71(b), an owner seeking to improve a development shall provide streets, waterlines, landscaping, curbs and gutters at his or her own cost.[1]

As part of its scheme to provide adequate public improvements county-wide, Baltimore County generally requires a PWA with a developer to guarantee completion of public

---

1. **Sec. 22–69. Scope of obligations; improvements.**
 Subject to the provisions of section 22–70, the applicant shall provide the following improvements at his cost:
 (1) Streets and necessary rights-of-way;
 (2) Drains, bridges, culverts;
 (3) Sewers;
 (4) Waterlines;
 (5) Open space;
 (6) Curb [sic] and gutters;
 (7) Sidewalks/paths;
 (8) Streetlights;
 (9) Landscaping;
 (10) Rights-of-way to accommodate the improvements listed above;
 (11) Traffic-control devices;
 (12) Other improvements as required.
 (Bill No. 56, 1982, § 2)

works in residential or commercial developments. A PWA is "an agreement between the county and the owner and contract purchaser for the construction of water and sewer facilities, storm drains, streets, bridges, and other public improvements, and incorporating all applicable comments of county agencies." Baltimore County, Md.Code § 22–39 (1988/89 Cum.Supp.).

An application for a PWA requires a developer or owner to submit a description and the estimated cost of the necessary improvements to the Department of Public Works. *Id.* § 22–74. Before the agreement is signed, "the applicant shall present security to cover his financial obligation, as specified in the public works agreement, for developments which do not require extensions of public water or sewer service." *Id.* § 22–71.

After the public improvements are certified as complete in accordance with County construction standards, the security shall be released "if the contractor(s) who constructed said improvement(s) has received full payment...." *Id.* § 22–78(a), (b).[2]

On August 1, 1986 Baltimore County filed a statement of claim with the receiver alleging that Old Court Savings and Loan was liable to Baltimore County for, *inter alia,* funds

---

2. **Sec. 22–78. Release or reduction of security.**

(a) Upon satisfactory completion of the public or private improvements in accordance with county construction standards and specifications and payment for the applicant's portion of the public improvements, the security may be reduced proportionately. However, in no event may the security be reduced to less than ten (10) per cent of the original amount until total completion of the improvements and acceptance of the public improvements by the county. Certification by a professional engineer that said improvements have been constructed in accordance with county standards and specification is evidence of such completion.

(b) Upon certification by the department of public works that the required public improvements have been satisfactorily completed, the county shall accept their dedication by appropriate instrument; and, *if the contractor(s) who constructed said improvement(s) has received full payment,* the security shall be released. Acceptance by the county for the public improvements shall be within six (6) months of satisfactory completion. (Bill No. 56, 1982, § 2) (Emphasis added.)

represented by the passbook and the letter of credit. The County's amended statement of claim [3] alleged that:

In addition to its liability to Claimant pursuant to the obligations assumed by it in the letters of credit and the passbook, Old Court Savings & Loan, Inc. is liable to Claimant to the extent that Gray & Son, Inc., succeeds in either or both of its claims against Claimant. Baltimore County, Maryland, has no liability to Gray, independent of the passbook and letters of credit, but has been unable to pay Gray & Son, Inc., from the funds of either security, as a result of the receivership proceedings.

Both the County's invitation to bid and the Baltimore County Code indicate an intention on the part of the County to use the securities to protect subcontractors. The "Information for Bidders" which instructed subcontractors bidding on the Golden Acres project stated:

The contractor is advised that an irrevocated [sic] letter of credit for 110% of his bid will be abtained [sic] by the Developer, assuring payment to the contractor, inaccordance [sic] with monthly estimates, smi-final [sic] estimates, and final estimates by the Department of Public Works and submitted to both parties. A copy of the letter of credit is to be atteched [sic] to the documents prior to execution of the contract.

In addition, the Baltimore County Code provides that the security may not be released after completion of the work unless the contractor who constructed the improvement received full payment. *Id.* § 22–78(b).

Gray argues that it is a third party beneficiary to the funds represented by the passbook and the irrevocable letter of credit. Therefore, these funds should be released to Gray because it completed the public works improvements described in the PWA, and it has not been paid. The narrow issue raised by Gray is whether it is entitled to the securities as a third party beneficiary under the passbook

---

3. The amended statement of claim is dated June 13, 1989.

and the letter of credit. We do not address the question of whether Gray has a viable claim against Baltimore County.

## I. *Third Party Beneficiary Status*

Gray contends that the court erred in ruling that it was not a third party beneficiary under either the letter of credit or the passbook account and that it was not entitled to the funds under these documents.

■ A third party beneficiary may recover for breach of contract where the contracting "parties intended to recognize him as the primary party in interest and as privy to the promise." *Marlboro Shirt Co. v. Am. Dis. Tel. Co.*, 196 Md. 565, 569, 77 A.2d 776 (1950) *quoting Mackubin v. Curtiss–Wright Corp.*, 190 Md. 52, 57 A.2d 318 (1948).

But before one can do so it must be shown that the contract was intended for his benefit; and, in order for a third party beneficiary to recover for a breach of contract *it must clearly appear that the parties intended to recognize him as the primary party in interest and as privy to the promise.* An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee. "In order to recover it is essential that the *beneficiary shall be the real promisee;* i.e., that the promise shall be made to him in fact, though not in form. It is not enough that the contract may operate to his benefit.

*Id.* (Emphasis added.) Accord, *Hamilton v. Board of Education*, 233 Md. 196, 199, 195 A.2d 710 (1963); *Shillman v. Hobstetter*, 249 Md. 678, 687, 241 A.2d 570 (1967); *Geo. Byers Sons v. East Europe Import Export*, 488 F.Supp. 574, 584 (1980); Comment, *Contracts for The Benefit of Third Parties in the Construction Industry*, 40 Ford.L.Rev. 315 (1971).

In *Shillman, supra* 249 Md. at 688, 241 A.2d 570, the Court quoted from *Hamilton & Spiegel, Inc. v. Board of Education of Montgomery County*, 233 Md. 196, 199, 195 A.2d 710 (1963):

In determining whether one is a creditor beneficiary (as is true in the case of a donee beneficiary) the intention of the contract, revealed by its terms, in the light of the surrounding circumstances is the controlling determinative.

The *Shillman* Court then stated that the intention of the parties is determined primarily from the language of the instrument, although that intention may be confirmed by the surrounding circumstances. *Id.* at 688–689, 241 A.2d 570.

### A. *Supplementary Agreement*

 Gray contends that it is a third party beneficiary to the supplementary agreement of May 17, 1983 between the developer, Goldenwoods, and Baltimore County. The agreement referred to the PWA for Golden Acres and the developer's obligation in that document to deposit with the County "an amount equal to the aggregate costs of curbs, gutters, and street paving. . . ." In lieu of the deposit that was to be made simultaneously with the execution of the PWA the supplementary agreement assigned a savings account passbook from Old Court Savings and Loan in the name of Goldenwoods Partnership as a "security guaranteeing payment of said deposit."

After bids for curbs, gutters and street paving in the development were received and accepted by the County, the developer was to deposit with the County the amount established as the developer's responsibility on the approved contract allotments. If the developer failed to make this deposit, the supplementary agreement provided that:

such failure or refusal shall constitute a default in the terms and provisions of this agreement and the security specified above shall be used by the County in place of the deposit and applied to the performance of the work for which the deposit was required and the said Developer hereby consents to, authorizes and constitutes the County to be its agent and attorney-in-fact to collect such funds from the said security. If the actual cost of curbs,

gutters and street paving shall exceed said deposit or the funds collected from the aforementioned security, the Developer shall pay such additional cost within thirty (30) days after receipt of a bill from the County. The Developer further ratifies, confirms, and agrees to perform, in its entirety, except to the extent of the modification as herein contained, all terms, provisions, stipulations, and agreements provided for in said Public Works Agreement.

It is further agreed that when the deposits are made as aforesaid, or the security is used in place of the deposit, such funds will be used by the County to pay for the cost of such curbs, gutters and street paving in that portion of the development known as Golden Acres, which is the subject matter of said Public Works Agreement.

We agree with the court's finding that the agreement does not confer third party status to Gray. The court found that the supplementary agreement was:

the equivalent of a performance bond set up for the purpose of insuring the completion of the work performed by Gray. As such, they could only be used by Baltimore County for that purpose.

There is no evidence to support a finding that, at the time Goldenwoods and Baltimore County entered into the agreement, Gray was the intended primary beneficiary. The supplementary agreement was made on May 17, 1983 and was signed on June 9, 1983. Golden Acres Partnership and Gray did not formally contract to do the work described in the PWA until twelve days later, on June 21, 1983. Gray was not mentioned by name in the Supplementary Agreement, and its language does not indicate an intent to protect subcontractors. Baltimore County, not Gray or any unnamed subcontractor, was the primary party in interest to the contract.

Gray repeatedly urges that the purpose of the supplementary agreement was to ensure that there was sufficient security to pay it for the cost of constructing curbs, gutters

and street paving in Golden Acres. We are not persuaded by this argument.

The primary purpose of the PWA as described in the Baltimore County Code and the supplementary agreement is to protect the County in the event that the required improvements are not completed. This is evidenced by the fact that the balance of the security may be used by the County to complete public improvements in the event that the developer fails to do so. Accordingly, we affirm the finding of the court that Gray was not a third party beneficiary to the supplementary agreement.

### B. *The Letter of Credit*

■ Gray next contends that it is a third party beneficiary to the irrevocable letter of credit issued by Old Court Savings and Loan, Inc. to Baltimore County in conjunction with the public works project and that the court erred in finding that it was not. Before we can hold that Gray is a third party beneficiary to the letter of credit, however, we must determine that *both* parties intended to recognize Gray as the primary party in interest.

The plain language of the letter of credit belies Gray's assertion that it was the intended beneficiary of the security:

> If Woods Joint Venture; Fineland Enterprises, Inc. shall fail in any respect to comply with the terms and conditions of said agreement [The Public Works Agreement] and to fully meet and perform the obligations thereunder, then Baltimore County may draw on Old Court Savings & Loan, Inc., for the sums, not to exceed the aggregate of $458,973.96 (Four Hundred Fifty Eight Thousand Nine Hundred Seventy Three Dollars and Ninety–Six Cents) *as may be necessary to save Baltimore County from any expense, loss or damage through the failure to said firm to comply with the terms and conditions of said agreement or* from any damage arising out of negligence, or from the failure to perform, of said Woods Joint Venture; Fineland Enterprises, Inc., or its agents or

employees in connection with work performed or *failure to perform required work under such public works agreement,* in the development known as The Woods or in any way prevent or honor of any sight draft under this document. (emphasis added).

The County, and not Gray, is the primary party in interest to the letter of credit. The express purpose of the security is to "save Baltimore County from any expense, loss or damage" through the failure of Woods Joint Venture, Fineland Enterprises or any of its employees to complete work under the PWA. There is no indication in the letter of credit or anywhere else that Old Court Savings & Loan intended that the letter of credit benefit Gray.

We affirm the court's finding that Gray was not a third party beneficiary to the letter of credit.

## II. *Motion for Summary Judgment*

■ Gray contends that the court committed reversible error in denying its request for entry of summary judgment on claims 57 and 58.

Md. Rule 2–501 provides in pertinent part that:

(a) **Motion.**—Any party may file at any time a motion for summary judgment on all or part of an action on the ground that there is no genuine dispute as to any material fact and, that the party is entitled to judgment as a matter of law. The motion shall be supported by affidavit if filed before the day on which the adverse party's initial pleading or motion is filed.

* * * * * *

(e) **Entry of Judgment.**—The court shall enter judgment in favor of or against the moving party if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law.

Summary judgment cannot be granted where there is any genuine dispute as to any material fact, one that will somehow affect the outcome of the case. *Fireman's Fund Ins. Co. v. Rairigh*, 59 Md.App. 305, 313, 475 A.2d 509 (1984); *Lynx, Inc. v. Ordinance Prods. Inc.*, 273 Md. 1, 327 A.2d 502 (1974); *Doehring v. Wagner*, 80 Md.App. 237, 242, 562 A.2d 762 (1989). The movant has the burden of demonstrating the absence of any issue of fact. Any doubt as to the existence of such an issue, therefore, will be resolved against that party. *Medical Mut. Liab. Ins. Soc'y. v. Mutual Fire, Marine and Inland Ins. Co.*, 37 Md.App. 706, 712, 379 A.2d 739 (1977); *Doehring v. Wagner, supra* 80 Md.App. at 242, 562 A.2d 762.

When reviewing the grant or denial of a motion for summary judgment, this Court will examine "whether there is a genuine dispute as to any material fact, with inferences drawn in favor of the non-moving party, and whether the moving party is entitled to judgment as a matter of law." *Inner Harbor v. Myers*, 80 Md.App. 1, 7, 559 A.2d 376 (1989). *Accord, Meredith v. Talbot County*, 80 Md.App. 174, 183, 560 A.2d 599 (1989); *Liscombe v. Potomac Edison Co.*, 303 Md. 619, 621–622, 495 A.2d 838 (1985).

In denying the motion for summary judgment the court stated:

The Court has reviewed the file. The Court has reviewed the file several times and heard arguments briefly, and at the very least, it is not a case for summary judgment, by Mr. Gordon's own presentation, where he presents letters and other facts interpreting them one way, and the receiver, the receiver's counsel, Mr. Harris, interpreting them another way.

You certainly have a dispute as to a material fact or the interpretations that could be drawn from those facts, so at the very least, summary judgment would be inappropriate on behalf of the claimant.

The court reviewed the facts and found that the parties were disputing facts that were material to the outcome of the case. We find no error in this ruling.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.