19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED OLYMPIC LIFE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Gabriel B. GUNTHER; Sonja L. Gunther, Libby Tessar,
Personal representative of the estate of Bessie
Capen, Defendants-Appellants.
 No. 92-36710.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1994.
Decided March 24, 1994.
 
 1
 Before: BROWNING, KOZINSKI, and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I.
 A.
 
 3
 An insurance agent owes a client a duty to exercise reasonable skill and care in obtaining insurance. Joseph Forest Products v. Pratt, 564 P.2d 1027 (Or.1977). The Gunthers and Tessar claim that Far West, United Olympic's agent, was negligent (1) in improperly advising the Capens regarding the requirements for changing the beneficiary of the annuity policy and (2) in deviating from standard practice in the insurance community by accepting the "Policy Change Request" form signed only by Mr. Capen and failing to tell the Capens the form would not effect a change in the beneficiary. Both allegations are supported by the record and give rise to a claim for negligence.
 
 
 4
 The facts that the "Policy Change Request" form was signed only by Mr. Capen, that Far West accepted the form, and that Far West told the Gunthers that they were the beneficiaries give rise to an inference that Far West improperly advised the Capens of the requirements for changing the beneficiary of the policy. This inference is supported by the declaration of Kathleen Kolstad that a Far West agent gave the Capens the wrong service request form. See Precision Castparts Corp. v. Johnson & Higgins, Inc., 607 P.2d 763, 765-66 (Or.Ct.App.1980) (negligence claim stated where plaintiff alleged an insurance agent did not fully describe the nature of a provision in the policy and did not procure a policy with the terms the plaintiff expected); Larson v. Transamerica Life & Annuity Ins. Co., 597 P.2d 1292, 1296 (Or.Ct.App.1979) (negligence claim stated where plaintiff alleged that agent failed to advise plaintiff of all material information relevant to the decision of whether to switch policies).
 
 
 5
 The Kolstad declaration also establishes that Far West deviated from standard practice by accepting the defective form, placing it in the Capens' file, and inserting the name of the Gunthers as primary beneficiaries. Kolstad states Far West should have contacted the Capens and explained the form would not change the beneficiary. Terry Sparks, another insurance agent, states that under Far West's standard practice the agent should have returned the "Policy Change Request" form to the Capens and explained how to complete the form properly. See Kabban v. Mackin, 801 P.2d 883, 890 (Or.Ct.App.1990) (upholding jury's determination that insurance agent acted negligently where plaintiff presented evidence that agent deviated from standard practice in the insurance community).
 
 B.
 
 6
 In Hale v. Groce, 744 P.2d 1289 (Or.1987), the Oregon Supreme Court held that a lawyer who negligently fails to include a beneficiary in a will may be sued by the beneficiary for the lost bequest. Like the attorney in Hale, the United Olympic agent owed the Capens a duty to use the skill and care customary among insurance agents in the relevant community, and like the conduct of the attorney in Hale, the conduct of United Olympic's agent breached this duty and prevented the Gunthers from becoming beneficiaries of the annuity policy. Other states have held that an insurance agent owes a duty of care to both its client and its client's intended beneficiary. See, e.g., Parlette v. Parlette, 596 A.2d 665, 670 (Md.Ct.App.1991).
 
 C.
 
 7
 United Olympic is not entitled to summary judgment merely because the Gunthers were not named as beneficiaries in the annuity policy, see Hale, 744 P.2d 1289 (intended beneficiary may recover against attorney who negligently left beneficiary out of will); Parlette, 596 A.2d 665 (intended beneficiary may recover against insurance agent who negligently failed to name beneficiary in life insurance policy), or because the terms of the annuity policy explicitly describe the proper method for naming a beneficiary, Precision Castparts, 607 P.2d at 765-66 ("Plaintiff had a right to rely on the superior expertise of its agent and had the right to assume that its agent performed its duty. Thus, contrary to the defendant's contention, the plaintiff had no duty to read the policy.").
 
 D.
 
 8
 United Olympic argues that its alleged negligence did not cause the Gunthers' injury because (1) Mrs. Capen could have changed the policy after Mr. Capen's death and (2) the Gunthers could have petitioned the state court that appointed a guardian for Mrs. Capen to change the beneficiary of the policy pursuant to Or.Rev.Stat. Sec. 126.217. The first argument fails because Mrs. Capen was not mentally competent to change the beneficiary of the annuity policy after Mr. Capen's death. United Olympic conceded this issue in its answer.[1] The second argument fails because even after Mr. Capen's death the Gunthers never conceded they were not the beneficiaries under the policy. Their damages from Far West's alleged negligence arose after the district court ruled against them. Moreover, nothing in the record indicates that an adversarial proceeding before an Oregon state court pursuant to Or.Rev.Stat. Sec. 126.217 would have resulted in a more favorable outcome for the Gunthers than the interpleader action United Olympic filed in federal district court.
 
 II.
 
 9
 Even assuming Far West acted negligently when it misrepresented that the Gunthers were the beneficiaries of the policy, the Gunthers and Tessar cannot recover for such negligence unless they justifiably relied on the misrepresentations. Onita Pacific Corp. v. Bronson, 843 P.2d 890, 894 n. 5 (Or.1992). The Gunthers could not justifiably rely on Far West's misrepresentations regarding their status as beneficiaries because their right to recover under the annuity policy was contingent on the Capens' good will.[2] The Capens could not have relied on Far West's misrepresentations to the Gunthers since the Gunthers never communicated the misrepresentations to the Capens.
 
 III.
 
 10
 The grant of summary judgment with respect to the negligence claim is REVERSED, and the grant of summary judgment with respect to the negligent misrepresentation claim is AFFIRMED. The case is REMANDED for proceedings consistent with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if United Olympic did not concede this issue in its pleadings, an issue of fact would exist regarding Mrs. Capen's mental competence after Mr. Capen's death
 
 
 [2]
 The misrepresentations were made before Mr. Capen's death. The record does not indicate that the Capens were mentally incompetent to change the beneficiary of the annuity policy before Mr. Capen's death